UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ERNST JOSEPH,  )
              )
     Petitioner  )
              )   Civil Action No.
     v.       )   04cv11275-GAO
              )
JOSEPH F. MCDONOUGH, SHERIFF,  )
PLYMOUTH COUNTY,  )
              )
     Respondent  )

RETURN AND MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS

Because the petition challenges only the detention of petitioner, and because petitioner is being released from respondent's[1] custody on June 18, 2004, see Attachment A, Release Notification, the relief sought by petitioner has now come to pass -- his release from respondent's custody -- and the case should be dismissed for lack of subject matter jurisdiction as moot.

**ARGUMENT**

I.   PETITIONER IS BEING RELEASED FROM RESPONDENT'S CUSTODY AND
     THEREFORE THE CASE SHOULD BE DISMISSED FOR MOOTNESS.

"It is well settled that a case is moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome, ... or alternatively, when

---

[1] The responsive official of the Department of Homeland Security having control of petitioner's immigration custody in the instant action is Bruce Chadbourne, Field Director for Detention and Removal, Bureau of Immigration and Customs Enforcement ("ICE") in Boston, Massachusetts.

the 'party invoking federal court jurisdiction' no longer has 'a personal stake in the outcome of the controversy.'" Boston & Maine Corp. v. Brotherhood of Maintenance of Way Employees, 94 F.3d 15, 20 (1st Cir. 1996) (citations omitted).

"A case is moot, and hence not justiciable, if the passage of time has caused it completely to lose its character as a present, live controversy of the kind that must exist if the court is to avoid advisory opinions on abstract propositions of law." Laurence H. Tribe, American Constitutional Law S 3-11, at 83 (2d ed. 1988) (internal quotations omitted). Once a case or controversy is moot, a federal court no longer retains jurisdiction to adjudicate the merits of the case. U.S. Const. art. III, S. 2 et seq.; see also U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 115 S.Ct. 386, 390 (1994).

Because the result sought in the petition -- release from the custody of the Department of Homeland Security until such time as his removal becomes practicable -- is now been effected by petitioner's release from custody on June 18, 2004, see Attachment A, there is no continuing live case or controversy and accordingly the petition should be dismissed as moot.

## CONCLUSION

Because there is no present case or controversy, this action should be dismissed for mootness.

2

```
                    Respectfully submitted,

                    MICHAEL J. SULLIVAN
                    United States Attorney

          By:       _____
                    FRANK CROWLEY
                    Special Assistant U.S. Attorney
                    Department of Homeland Security
                    P.O. Box 8728
                    J.F.K. Station
                    Boston, MA 02114
                    (617) 565-2415
```

**ATTACHMENT A**



Office of Detention and Removal Operations
U.S. Department of Homeland Security
425 I Street, NW
Washington, DC 20536

# U.S. Immigration and Customs Enforcement

June 17, 2004

Ernst JOSEPH (A38 763 491)
C/O ICE / D&R Boston
JFK Federal Building
Government Center
Boston, MA 02203

## Release Notification

Upon review of your case, Immigration and Customs Enforcement (ICE) has concluded that you may be released from ICE custody pending your removal from the United States. This release does not affect your removal order and does not constitute an admission to the United States.

Your release will be subject to certain written conditions that will be provided to you shortly, and by which you must abide. One of these conditions is <u>weekly</u> reporting to an ICE office. You must comply with any parole or probation requirements. A violation of one of more of these conditions, or of any local, state or federal law may result in your being taken back into custody and any bond that you may have posted being forfeited. Your release from custody is also conditioned upon your maintaining proper behavior while sponsorship and placement efforts for you are being undertaken.

Prior to your release from custody, an immigration officer will verify the sponsorship or employment offers presented during your review. Please forward any additional information regarding potential sponsoring family members or non-governmental organizations that may be willing to assist you upon release.

It is particularly important that you keep the ICE advised of your address at all times. We will continue to make efforts to obtain your travel document that will allow the United States government to carry out your removal pursuant to your order of deportation, exclusion, or removal. In addition, you are required by law to continue to make good faith efforts to secure a travel document on your own. Once a travel document is obtained, you will be required to surrender to the ICE for removal. You will, at that time, be given an opportunity to prepare for an orderly departure.

_____          6/17/04
Signature of HQPDU Director/Designated Representative       Date
(Page 1 of 2)

## CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail on June 18, 2004.

FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114